IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LLOYD R. CAIN,

    Petitioner,

v.

EDWIN C. VOORHIES, JR., WARDEN,

    Respondent.

CASE NO. 2:08-cv-706
JUDGE WATSON
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> On March 28, 2005, appellant pled guilty to one count of engaging in a pattern of corrupt activity as a felony of the second degree, two counts of theft as felonies of the third degree, ten counts of theft as felonies of the fourth degree, and one count of theft as a felony of the fifth degree. On May 20, 2005, the trial court sentenced appellant to a combination of concurrent and consecutive prison terms totaling 13 years and nine months. Appellant filed a direct appeal of his sentence, and on March 15, 2006, we remanded the matter to the trial court for resentencing pursuant to *Foster.* Upon remand, the trial court reimposed the same sentence. Appellant appeals the

> judgment of the trial court, asserting the following assignment of error:
>
> The trial court's application of *State v. Foster* (2006), 109 Ohio St.3d 1, at Appellant's resentencing hearing violated Appellant's rights as guaranteed by the Ex Post Facto and Due Process Clauses of the United States Constitution. Appellant was entitled to the imposition of minimum, concurrent prison sentences, and the failure to impose such sentences deprived Appellant of his right to a jury trial as guaranteed by the United States Constitution.

*State v. Cain,* 2007 WL 662464 (Ohio App. 10th Dist. March 6, 2007). On March 6, 2007, the appellate court affirmed the judgment of the trial court. *Id.* On July 25, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Cain*, 114 Ohio St.3d 1482 (2007).

On July 22, 2008, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The sentencing order of the Ohio trial court violated petitioner Cain's constitutional rights under the Ex Post Facto and Due Process clauses of the United States Constitution.
>
> 2. The sentencing order of the Ohio court violated petitioner Cain's constitutional right to trial by jury guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.
>
> 3. The sentencing order of the Ohio court was contrary to the law under the Rule of Lenity.

It is the position of the respondent that claim three fails to present an issue appropriate for federal habeas corpus relief, and that claims one and two are without merit.

# CLAIMS ONE AND TWO

In claim one, petitioner asserts that the application of *Foster* at his re-sentencing violated due process and the Ex Post Facto Clause. In claim two, petitioner asserts that his sentence violated the Sixth Amendment. Petitioner contends that he is entitled to minimum concurrent terms of incarceration, or two years, instead of the aggregate term of thirteen years four months that was imposed. *See Petition; Traverse*. The state appellate court rejected petitioner's claims as follows:

> Appellant argues that the *Foster* court's FN1 severance of R.C. 2929.14(B) unlawfully deprived him of due process and unlawfully operates as an ex post facto law because it inflicts a greater punishment upon him than he would have faced under the sentencing statutes (minus the fact-finding provisions found unconstitutional in *Foster*) that were in place at the time he committed his crimes. As a result, appellant contends that application of *Foster* to his case unlawfully divests him of the right to minimum terms. He also argues that the severance remedy applied in *Foster* violates due process because it is a significant and unpredictable departure from, and redrafting of, the statutory law enacted by the General Assembly. Thus, appellant seeks a remand and instructions that he be sentenced to minimum concurrent sentences.
>
> FN1. In response to the *Foster* decision, the defendant-appellant Andrew Foster timely filed a motion for reconsideration, arguing that the severance remedy applied in Foster violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The Supreme Court of Ohio denied the motion without setting forth the reason(s) for the denial. *See* 109 Ohio St.3d 1408, 2006-Ohio-1703.
>
> In *Foster*, the Supreme Court of Ohio, following *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, and *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, found portions of Ohio's felony sentencing scheme unconstitutional because

those portions required judicial fact-finding in violation of a defendant's Sixth Amendment right to a trial by jury. The *Foster* court severed the unconstitutional provisions from Ohio's felony sentencing laws. *See id.* at ¶ 90-102 (applying a severance remedy similar to that adopted in *United States v. Booker* [2005], 543 U.S. 220, 125 S.Ct. 738). As a result of the Foster court's application of the severance remedy, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at paragraph seven of the syllabus.

As recognized by appellant in his brief,FN2 we are bound to apply *Foster* as it was written. Appellant committed his offenses before the Supreme Court of Ohio released *Foster*, and knew the statutory range of punishments at the time he committed the offenses for which he was convicted. The statutory range of punishments has not changed in light of *Foster*, and, therefore, *Foster* did not judicially increase appellant's sentence. The trial court did not resentence appellant based upon any additional factual findings not found by a jury, and appellant did not receive greater than the statutory maximum based upon factual findings the jury did make, as prohibited by *Blakely*.

FN2. Appellant notes on page 2, fn. 1, of his appellate brief that he "recognizes that this Court is bound to follow the Supreme Court's mandate in *Foster*. Nevertheless, because imposition of *Foster* deprived Appellant of important federal constitutional rights, the instant appeal is submitted for this Court's consideration."

This court, as well as other intermediate appellate courts in Ohio, has determined that application of *Foster* to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. *See, e.g., State v. Gibson*, Franklin App. No. 06AP-509, 2006-Ohio-6899 (concluding that the remedial holding of *Foster* did not violate the appellant's due process rights or the ex post facto principles contained

4

> therein); *State v. Alexander*, Franklin App. No. 06AP-501, 2006-Ohio-6375, at ¶ 8 ("Thus, at the time that [the] appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences."); *State v. Fout*, Franklin App. No. 06AP-664, 2007-Ohio-619; *State v. Lowe*, Franklin App. No. 06AP-673, 2007-Ohio-504; *State v. Houston*, Franklin App. No. 06AP-662, 2007-Ohio-423; *State v. Henderson*, Franklin App. No. 06AP-645, 2007-Ohio-382; *State v. Trewartha*, Franklin App. No. 06AP-654, 2007-Ohio-299; *State v. Hairston*, Franklin App. No. 06AP-420, 2007-Ohio143; *State v. Pigot*, Franklin App. No. 06AP-343, 2007-Ohio-141. As such, *Foster* does not violate [the] appellant's right to due process and does not operate as an ex post facto law."); *State v. McGhee*, Shelby App. No. 17-06-05, 2006-Ohio-5162 (finding that *Foster* does not violate the Ex Post Facto Clause of the United States Constitution or federal notions of due process); *State v. Grimes*, Washington App. No. 04CA17, 2006-Ohio-6360 (agreeing with the *McGhee* court's reasoning).
>
> Based on the foregoing, we conclude that the remedial holding of *Foster* does not violate appellant's constitutional rights. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Id.* The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on

5

an unreasonable determination of the facts in light of the evidence that was presented. 28

U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this

standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*

6

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

As noted recently by the United States District Court for the Southern District of Ohio, Western Division, in *Dickens v. Brunsman*, 2009 WL 3199066 (S.D. Ohio September 29, 2009),

> Petitioner's claim that the retroactive application of the *Foster* remedy to correct constitutional infirmities in Ohio's sentencing statutes constitutes a violation of the Constitution's Ex Post Facto and Due Process Clauses has been thoroughly discussed and uniformly rejected by this Court and other federal district and state courts in Ohio. *See, e.g., Hooks v. Sheets*, No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and cases cited therein); *see also Wright v. Warden,* Pickaway Corr. Inst., --- F.Supp.2d ----, No. 1:07cv1022, 2009 WL 1850170, at *1, *23-25 (S.D. Ohio June 25, 2009) (Barrett, J.; Hogan, M.J.) (to be published) (and cases cited and quoted therein); *Kelley v. Brunsman*, --- F.Supp.2d ----, No. 1:08cv71, 2009 WL 1617774, at *5-6, *17-18 (S.D. Ohio June 9, 2009) (Spiegel, J.; Hogan, M.J.) (to be published); *Smith v. Brunsman*, --- F.Supp.2d ----, No. 1:07cv878, 2009 WL 530113, at *1, *4-8 (S.D. Ohio Feb. 27, 2009) (Barrett, J.; Black, M.J.) (to be published) (noting that "both the federal district courts and Ohio courts have rejected ex post facto challenges to the Foster decision").FN8
>
> FN8. *See also Rettig v. Jefferys*, 557 F.Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject [ing] ex post facto challenges to the *Foster* decision"); Smith v. Welch, No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D. Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman,* No. 1:08cv2522, 2009 WL 2143746 (N.D. Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); Mason v. Brunsman, No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D. Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe*, No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D. Ohio May 20,

2009) (Sargus, J.) (unpublished); *Pena v. Cooper*, No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D. Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson*, No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D. Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman,* No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D. Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe*, No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D. Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein). *Cf. Turner v. Warden*, Noble Corr. Inst ., No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D. Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected ex post facto challenges to the *Foster* decision"); *Collins v. Warden*, Chillicothe Corr. Inst., No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D. Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely*, his new sentence [under the *Booker* remedy adopted in *Foster* ] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

*Id.* This Court likewise agrees with other courts to consider the issue which have rejected this same claim.

> Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender."
>
> *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (quoting Calder v. Bull, 3 U.S. 386, 390, 3

8

Dall. 386, 1 L.Ed. 648 (1798) (Chase, J.)); see also U.S. Constit. Art. I, § 10. As petitioner apparently concedes ( see Doc. 14, p. 11), Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh*, No. 1:07cv1408, 2008 WL 320763, at *10 (N.D. Ohio Feb.1, 2008) (unpublished); see also Rogers, 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

Nevertheless, the Fourteenth Amendment's Due Process Clause does limit ex post facto judicial decision-making. *Rogers,* 532 U .S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 351, 352, 354-55, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)); *see also United States v. Barton*, 455 F.3d 649, 654 (6th Cir.) ("when addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), *cert. denied*, 549 U.S. 1087, 127 S.Ct. 748, 166 L.Ed.2d 579 (2006).

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner ... and petitioner was aware of the potential penalties he faced ... [B]oth before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties.

*Hooks v. Sheets*, 2008 WL 4533693 (S.D. Ohio October 3, 2008); *see also Trewartha v. Brunsman,* 2009 WL 614963 (S.D. Ohio March 5, 2009); *Smith v. Wilson*, 2008 WL 4758696 (N.D. Ohio October 29, 2008) (same).

The same reasoning in the foregoing decisions rejecting ex post facto challenges to application of *Foster* applies here. Petitioner faced the same penalty ranges in sentences for his convictions prior to, and after *Foster*. Therefore, this Court is not persuaded that petitioner's sentence violated the Ex Post Facto or Due Process Clause.

Claims one and two are without merit.

## CLAIM THREE

In claim three, petitioner asserts that his sentence violated the "Rule of Lenity."[1] Petitioner failed fairly to present this claim to the Ohio courts.

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir. 1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal

---

[1] "The 'policy of lenity means that the Court will not interpret a federal statute so as to increase the penalty it places on an individual when such an interpretation can be no more than a guess as to what Congress intended.' *United States v. Boucha*, 236 F.3d 768, 774-75 (6th Cir. 2001)(quoting *Bifulco v.United States*, 447 U.S. 381, 387 (1980)). The rule of lenity is founded on two policies: (a) the notion that the public is entitled to fair warning of the criminal penalties that apply to proscribed conduct; and (b) the notion that the proscribed conduct should be defined by the legislature and not by the courts. *Boucha,* 236 F.3d at 774. The rule of lenity is applied in favor of a criminal defendant only if a statute remains ambiguous after consideration of its plain meaning, structure and legislative history. *Id.*"

*United States v. Lawrence,* 555 F.3d 254, 260 (6th Cir. 2009).

constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir. 1983)(citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing Constitutional analysis, or state decisions employing Constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin,* 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989).

Petitioner did not argue, after he was re-sentenced, that his sentence violated the Rule of Lenity. See Exhibit 14 to Return of Writ. Further, he has failed to establish cause and prejudice for such failure. This Court therefore will not now address such claim here.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge